UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Sanseverino,<br><br>           Plaintiff,<br><br>    v.<br><br>Darrius Conaway, Jakub Majewski, and John Prisavage,<br><br>           Defendant. | Civil No. 3:24-CV-01672 (MPS)<br><br><br><br>April 17, 2025 |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

In this civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff Anthony Sanseverino alleges, among other things, that Defendants Darrius Conaway, Jakub Majewski and John Prisavage, New Britain police officers, violated his Fourth and Fourteenth Amendments to the United States Constitution by subjecting him to false arrest/false imprisonment and malicious prosecution. ECF No. 19. Plaintiff moves for an order compelling Defendants to provide responses to certain Interrogatories served on December 24, 2025 that are subject to objections. ECF No. 28 at 1. The parties satisfied their meet and confer obligation under D. Conn. L. Civ. R. 37(a). ECF No. 28-1 (Aff. Schoenhorn). The discovery requests information about the confidential informant ("CI") whose participation in controlled drug transactions was the basis for probable cause to arrest and criminally charge Plaintiff. ECF. No. 28. I held a discovery status conference on March 17, 2025 and took the motion under advisement. ECF No. 35. At my request, on April 1, 2025 the parties submitted three videos for *in camera* review. ECF No. 39. For the reasons that follow, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part. ECF No. 28.

1

I. **FACTUAL BACKGROUND**

Plaintiff seeks the disclosure of the identity of the Confidential Informant whose alleged participation in three controlled drug buys formed the basis of the probable cause for the arrest warrants against Plaintiff, and the search warrant of Plaintiff's business. Plaintiff alleges that the Defendants falsely represented what was told to them by the Confidential Informant. The specific assertion in the affidavit that Plaintiff claims is false is the statement that "data recorded from the video and audio device utilized by the CI was uploaded to the New Britain Police Server. Your **affiant viewed the footage and was able to corroborate the CI's recollection of events.**" ECF No. 29-1 at 6, ¶ 8; ECF No. 29-1 at 12, ¶ 8 (emphasis added). In their motion, Plaintiff argues that Defendants "falsely stated that **certain videos recorded by CI corroborated the accusations that the CI purchased crack cocaine from the plaintiff** when they did nothing of the sort." ECF. No. 28-2, at 1 (emphasis added). The video does not depict the actual drug transactions, and Plaintiff maintains that the averment in the affidavits that the video footage corroborates the CI's recollection of events, is at best, misleading.

The two interrogatories at issue are the same for all three Defendants. ECF No. 28-1, Ex. A, Interrog. Nos. 9 and 11 (Def. Prisavage), Ex. B, Interrog. Nos. 8 and 10 (Def. Majewski); Ex. C. Interrog. Nos. 8 and 10 (Def. Conaway). The first interrogatory states:

> Describe the nature of the relationship between New Britain Police Department and the informant utilized in this incident. In the formulation of your response, please include:
>
> a. The full name, date of birth, and the last known address of the informant. [NOTE: The "informant privilege" is inapplicable when said individuals are alleged to be present during, or are in, the crime alleged or is a material witness. *See Rovario v. U.S.*, 353 U.S. 53 (1957); *U.S. v. Aref*, 533 F. 3d 72 (2d Cir. 2008).]
> b. If the informant is a registered informant, their registration number;
> c. Any and all consideration, renumeration, or reward given to the informant at any time; and
> d. The criminal record of such informant.

ANSWER: Defendant OBJECTS to Plaintiff's interrogatory. Defendant asserts the privilege barring disclosure of the identity of the confidential informant. Further, any information regarding the confidential informant and his or her relationship to the New Britain Police Department may lead to his or her identification. "The government generally enjoys a 'privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.'" *United States v. Jackson*, 345 F.3d 59, 69 (2d Cir. 2003). The exception to the privilege discussed in *Roviaro* and *Aref* related to a defendant's Sixth Amendment right to confront his or her accuser in connection with a criminal prosecution, which is not implicated in this civil action.

The second interrogatory states:

Identify any and all contact you had with any informant utilized by New Britain Police Department as it relates to this complaint, including the dates of occurrence, the parties present, the nature of those meetings, and whether said contacts were recorded.

ANSWER: Defendants OBJECTS to Plaintiff's Interrogatory. Defendant restates and incorporates by reference his objection to interrogatory [#9 or #8] as if fully stated herein as his objection to Interrogatory [#11 or #10].

ECF No. 28-1, Exs. A-C.

## II.  STANDARD OF LAW

"The government informant privilege, which arises most frequently in the criminal context, but is also applicable to civil cases, allows the government to protect the identity of persons who furnish information to it regarding violations of law." *Creighton v. City of New York*, No. 12 CIV. 7454 (PGG), 2015 WL 8492754, at *6 (S.D.N.Y. Dec. 9, 2015) (citations omitted); *Rovario v. United States,* 353 U.S. 53, 59 (1956) ("What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."). While "the strength of the privilege is greater in civil litigation than in criminal, it is not absolute in either. Where the identification of an informer or the production of his communications is essential to a fair determination of the issues in the case, the privilege cannot be invoked." *Creighton*, 2015 WL 8492754, at *6 (citations and alterations omitted).

3

"When assessing a claim of law enforcement privilege, a district court must first determine if the law enforcement privilege applies to the documents at issue." *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). The party asserting the privilege has the burden to "show that the documents contain information that the law enforcement privilege is intended to protect. Such protected information includes information pertaining to 'law enforcement techniques and procedures,' information that would undermine 'the confidentiality of sources,' information that would endanger 'witness and law enforcement personnel [or] the privacy of individuals involved in an investigation,' and information that would 'otherwise ... interfere[ ] with an investigation.'" *Id.* (citation omitted).

In this Circuit, once a court has determined that the law enforcement privilege applies there is a "strong presumption against lifting the privilege." *Id.* 607 F.3d at 945 (citation omitted). " To rebut that presumption, the party seeking disclosure must show (1) that its suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery or from other sources, and (3) that the information sought is important to the party's case." *Id.* (internal quotations and citations omitted)). As to the importance of the information sought, the Second Circuit requires a showing of "compelling need." *Id.*

If the presumption has been overcome, a court must still balance"[t]he public interest in nondisclosure . . . against the need of a particular litigant for access to the privileged information." *Id.* (citation omitted). "In other words, demonstrating a 'compelling need' does not automatically entitle a litigant to privileged information. Rather, disclosure is required only if that compelling need outweighs the public interest in nondisclosure." *Id.*

## III. DISCUSSION

The parties do not dispute that the information sought by Plaintiff concerning the identity of the Confidential Informant is covered by the law enforcement privilege. The identity of individuals assisting law enforcement in their investigations falls well within the information sought to be protected by the privilege. *See Roviaro v. U.S.*, 353 U.S. 53 (1957).

The burden shifts to Plaintiff to rebut the strong presumption against lifting the privilege; I turn to the three prongs Plaintiff must establish. The first prong is met. Plaintiff alleges a timeline of events leading to the arrest and subsequent nolle of criminal charges which support the causes of action asserted. Accepting the allegations of Plaintiff's complaint, the lawsuit is non-frivolous and brought in good faith.

As to the second factor, Plaintiff has not established that the Confidential Informant is the only source of the information sought. Plaintiff makes the argument that only the Confidential Informant can testify as to what actually happened. As confirmed at the hearing, Defendants have not yet been deposed about their statements in the Affidavits, the investigation, the videos, or other relevant topics. Without the discovery from Defendants, Plaintiff has not shown whether the information sought, even if relevant, could be obtained from other sources.

As to the third factor, the importance of the information sought, the Court finds that Plaintiff has not established a "compelling need." Plaintiff argues that Defendants "falsely stated that **certain videos recorded by CI corroborated the accusations that the CI purchased crack cocaine from the plaintiff** when they did nothing of the sort." ECF. No. 28-2, at 1 (emphasis added). Plaintiff stretches the language in the Affidavit. The Affidavit does not expressly state that the video footage shows the drug transaction(s). Rather the Affidavit says that the Affiant viewed the footage and was able to corroborate the CI's recollection of events: the Affiant does not specify

5

which events exactly are shown on the video, he does not aver that the video footage corroborates *all* of the CI recollection of events, nor does it say that the video depicts the drug transactions.[1] The video is but one piece of information presented in the Affidavit which forms the basis for the probable cause, not the exclusive source of the probable cause.

Further, the Court is persuaded by Defendants' argument that the use of audio and video is not to memorialize the drug transaction but to track the CI before, during and after the drug transaction. The parties agree that the drug transaction(s), to the extent they took place are not shown in the video. The Court was provided copies of the three videos and viewed the videos. Indeed, the videos do not capture the drug transactions; however the videos do not show that a drug transaction or transactions could not have occurred.

Based on the record before the Court, Plaintiff's request to identify and depose the Confidential Informant is based on speculation that the CI, if allowed to come forward, would disavow the narrative in the Affidavits. *Cf. Creighton v. City of New York*, 2015 WL 8492754 (S.D.N.Y. Dec. 9, 2015) (compelling disclosure of informant's identity where there was exculpatory information casting serious doubt on the information provided by the informant). That is not a sufficient compelling need to overcome the presumption. At this point, there is insufficient evidence in the record from which the Court can conclude that there is a compelling need for the information sought.

While the Court finds that Plaintiff has not carried his burden to compel the identity of the CI, the Court finds that in light of the allegations in the complaint identifying the CI as a "felon" and the Defendants' denial of the allegation, that the Plaintiff is entitled to the CI's criminal record,

---

[1] These are all areas of inquiry that may be explored at Defendants' deposition.

and other background information. As such Defendants shall provide Plaintiff with the following information:

  a. If the informant is a registered informant, their registration number;
  b. Any and all consideration, renumeration, or reward given to the informant at any time; and
  c. The criminal record of such informant

Further, the Court overrules, in part, Defendants' objection to the interrogatory states asking Defendants to "Identify any and all contact you had with any informant utilized by New Britain Police Department as it relates to this complaint, including the dates of occurrence, the parties present, the nature of those meetings, and whether said contacts were recorded." Plaintiff is entitled to information concerning the investigation that led to his arrest. Defendants will respond to this interrogatory without revealing the name of any informant(s) identified. The responses to this interrogatory can be designated and produced subject to the protective order in place. Defendants shall provide the ordered discovery within fourteen (14) days of this Order.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel **(ECF No. 28)** is **GRANTED in part and DENIED in part, without prejudice to renewal if there are additional newly discovered facts that Plaintiff can cite to overcome the presumption**.

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 72.1(2) of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b) (written objections to this ruling must be filed within fourteen days after service of same); D. Conn. L. U.S.M.J. R. 72.2(a) ("Any party wishing to object must, within fourteen (14) days after filing of such order or recommended ruling file written objection

which shall specifically identify the ruling, order, proposed findings and conclusions, or part thereof to which objection is made and the factual and legal basis for such objection.").

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge