UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Sanseverino,<br><br>            Plaintiff,<br><br>v.<br><br>Darrius Conaway, Jakub Majewski, and John Prisavage;<br><br>           Defendants. | Civil No. 3:24-CV-01672-MPS<br><br><br><br><br><br><br><br>June 25, 2025 |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

### I.  INTRODUCTION

Plaintiff Anthony Sanseverino moves the Court to reconsider (ECF No. 44) its Ruling on the Motion to Compel (ECF No. 40) as to Plaintiff's Interrogatory Nos. 9 and 11 directed at Defendant Prisavage, Nos. 8 and 10 directed at Defendant Majewski, and Nos. 8 and 10 directed at Defendant Conaway. ECF No. 28. Defendants Darrius Conaway, Jakub Majewski and John Prisavage (collectively "Defendants") object to Plaintiff's motion. ECF No. 45.

For the following reasons, the Court GRANTS Plaintiff's Motion for Reconsideration of Order on Motion to Compel but adheres to its prior ruling filed April 17, 2025 ("the April 2025 Ruling"). *Sanseverino v. Conaway*, No. 3:24-CV-01672 (MPS), 2025 WL 1135406 (D. Conn. April 17, 2025).

### II.  BACKGROUND

As relevant here, Plaintiff sought an order compelling Defendants to provide information about the confidential informant ("CI") whose participation in controlled drug transactions was

1

the basis for probable cause to arrest and criminally charge Plaintiff in a now resolved state matter. ECF No. 28.

The Court denied Plaintiff's Motion to Compel finding that Plaintiff failed to meet his burden that there was a "compelling need" for the information, thus failing to overcome this Circuit's strong presumption against lifting the law enforcement privilege protecting the CI's identity. *Sanseverino,* 2025 WL 1135406, at *5-*6. First, the Court found that Plaintiff did not establish that the CI was the only source of the information sought. *Id.*, at *5. The Court also found that Plaintiff had not shown a compelling need to depose the CI given that the video footage did "not show that a drug transaction or transactions could not have occurred" and "was but one piece of information forming the basis for probable cause, not the exclusive source." *Id.*, at *6. While the Court denied Plaintiff's motion to compel the identification of the CI, the Court found that "in light of the allegations in the complaint identifying the CI as a "felon" and the Defendants' denial of the allegation, that the Plaintiff is entitled to the CI's criminal record." *Id*.

Plaintiff filed an initial objection to the April 2025 Ruling (ECF No. 41) for the District Judge's consideration. On May 9, 2025 Plaintiff filed a supplemental objection (ECF No. 44) on the grounds that new evidence came to light in connection with Assistant State's Attorney Justin Blain's May 8, 2025 deposition, including documents from the State Prosecutor's file in the underlying criminal case that Plaintiff argues demonstrate that the CI privilege was "*de facto* waived". ECF No. 44, at 1. Given that the April 2025 Ruling was without prejudice to reconsider if new information became known that could overcome the presumption of non-disclosure, Chief Judge Shea referred the objections to me for reconsideration.

**LEGAL STANDARD**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 90). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. . . . It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91-92 (D. Conn. 2006) (citing *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) (internal citation and quotation marks omitted)), *aff'd in part, vacated in part, remanded sub nom*. *SPGGC, LLC v. Blumenthal*, 505 F.3d 183 (2d Cir. 2007). Given the denial without prejudice, the Court will revisit its April 2025 ruling in light of arguments advanced in Plaintiff's objection and supplemental objection.

**III.   DISCUSSION**

    ***a. Plaintiff has not provided evidence sufficient to overcome the presumption of non-disclosure.***

First, in Plaintiff's initial Objection to the Ruling, Plaintiff argued the Court overlooked "substantial evidence that the CI's testimony is essential to a fair adjudication of his claims" because "the CI's statements were central to the finding of probable cause." ECF No. 41, at 2-3. The Objection restates the contentions in Plaintiff's original briefing, turning to a case not previously cited: *United States v. Streater*, No. 3:24-cr-00034 (KAD), 2024 WL 4851609 (D.

3

Conn. Nov. 21, 2024), *reconsideration denied,* 2025 WL 1040822. The Court assesses the merits of the argument once more and in light of the newly cited case.

Here, neither party disputes that the Government has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. U.S.*, 353 U.S 53, 59 (1957). However, "where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.*, at 60–61. Because there is no fixed rule as to nondisclosure, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*, at 62.

The circumstances of this case are distinguishable from those in *Roviaro*. First, *Roviaro* dealt with the rights of an accused to mount a criminal defense. The Supreme Court underscored that the "desirability of calling John Doe as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." *Roviaro*, 353 U.S. at 64 (1957). Second, in *Roviaro* there was a clear discrepancy in the record that could only be resolved through the informer, namely that "a government witness testified that Doe denied knowing petitioner or ever having seen him before." *Roviaro*, 353 U.S. at 64. By contrast, this is a civil case where the same constitutional rights do not attach. Further, while Plaintiff here has advanced a theory of a discrepancy, it is the Court's view that the alleged discrepancy is inconclusive at best, and at the heart of the merits of this case. "The Second Circuit has made clear that "[s]peculation . . . is not sufficient to meet the defendant's burden." *United States v. Campbell*, No. 1:09-cr-00043-jgm-1, 2010 WL 2555071, at *4 (D. Vt. June 21, 2010) (citing *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.1997); accord *DiBlasio v. Keane*, 932 F.2d 1038, 1043 (2d Cir.

4

1991) (requiring defendant to do "more than posit the possibility" of the CI testifying in his favor, such as actually pointing to evidence or information suggesting the CI might testify in that way)).

Finally, Plaintiff's reliance on *United States v. Streater* is inapposite. In *Streater* the Court concluded that "the Government's interest in maintaining the privilege still outweighs the Defendant's interest in obtaining the CI's identity," noting that the CI's identity would not change the nature of the information they provided to law enforcement and the CI had a lengthy history of reliability. *Streater*, 2024 WL 4851609, at *6. Based on the record before the Court, the CI's identity similarly would not change the nature of the information they provided to law enforcement here—beyond speculation that he would disavow the affiants' claims. The Court maintains its view that "there is insufficient evidence in the record from which the Court can conclude that there is a compelling need for the information sought," weighing in favor of maintaining the privilege. *Sanseverino*, 2025 WL 1135406, at *6. The fact that *Streater*, a criminal case where defendants have additional due process and constitutional rights upheld the privilege, further bolsters the Court's conclusion here, in the civil context.

### b. *The newly produced documents did not waive the law enforcement privilege*

Next, the Plaintiff argues on reconsideration that the public interest in nondisclosure is diminished here because "the state prosecutor agreed in court to disclose the CI's identity in advance of the plaintiff's now-dismissed criminal trial." ECF No. 41, at 3. Plaintiff seeks to strengthen this argument in the Motion for Reconsideration with new evidence, claiming that the Defendants *de facto* waived "informant privilege" with the documents produced in advance of Assistant State's Attorney Justin Blain's deposition on May 8, 2025, ECF No. 44, at 1.

On May 7, 2025, the Division of Criminal Justice produced newly disclosed documents in response to defendants' deposition subpoena, including a note from the supervising Assistant

5

State's Attorney in the underlying criminal case; stating, "we will absolutely burn CI — we always do." *Id*. Attorney Blain testified that the note established "a clear instruction to disclose the identity of the CI in this case prior to trial and that he intended to do so prior to trial." *Id*. Plaintiff argues that this instruction implies a general policy of that office to disclose informant identities and either outright negates or undermines any claims of informant privilege. *Id*. Plaintiff also argues that the Assistant State's Attorney knew the identity of the CI prior to the suit, evinced by a recently disclosed case note dated February 23, 2024, containing the now-redacted name and date of birth of the CI. *Id*.

"The informant's privilege is waived when the moving party legitimately learns the identity of the informant at issue." *Martin v. Albany Business Journal, Inc.*, 780 F. Supp. 927, 940 (E.D.N.Y. 1992) (citing *Roviaro v. U.S.*, 353 U.S 53, 60 (1957); *New York v. Cedar Park Concrete Corp.*, 130 F.R.D. 16, 21 (S.D.N.Y.1989)). "Once the identity of the informer is revealed to the party likely to cause the harm, the purpose behind maintaining the privilege as to their statements is defeated." *Id*., at 940 (citing *Roviaro*, 353 U.S. at 60; *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 768 (D.C.Cir.1965)). Plaintiff argues that the Government waived its privilege by testifying that it planned to disclose the CI's identity prior to trial in the underlying criminal case and maintained knowledge of the informant's identity. ECF No. 44, at 1. The Court disagrees**.**

Here, the moving party, Plaintiff, has not learned the identity of the informant. As Plaintiff states in his Supplemental Objection to Order on Motion to Compel, Superior Court Criminal Investigator William Durkin redacted the CI's name and date of birth in the newly produced documents and "this was done at the undersigned's suggestion because of the pending discovery dispute." *Id*., at 2. Because Plaintiff still does not know the informant's identity, the Government

6

has not waived its privilege. *See*, *State of N.Y. v. Cedar Park Concrete Corp.*, 130 F.R.D. 16, 21 (S.D.N.Y. 1990) ("Accordingly, the privilege disappears if either the informer or the government has disclosed the informer's identity.")

That the Government planned to reveal the CI's identity in the underlying criminal case does not rebut the presumption of nondisclosure here. As previously stated, it is not disputed in this case that the Government has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59. The Government chose to assert that privilege in this civil case. The fact that disclosure of the CI's identity "in the criminal trial may have been necessary in that the State must meet the 'beyond any reasonable doubt' requirement" does not mean that disclosure is warranted in the civil context. ECF No. 45, at 2 (quoting ECF No. 29 at 8) (internal quotation marks omitted).

V.     **CONCLUSION**

The Court has carefully considered Plaintiff's Objection, supplemental arguments and newly discovered facts, and is unpersuaded. For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Reconsideration **(ECF No. 44)** but ultimately retains its position. *Sanseverino v. Conaway*, No. 3:24-CV-01672 (MPS), 2025 WL 1135406 (D. Conn. April 17, 2025).

This is not a recommended ruling. This is a pretrial ruling and order that is reviewable under the "clearly erroneous" standard of review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(a); and Rule 72.2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the

court unless reversed or modified by the district Judge upon motion timely made.

It is so ordered.

                                           */s/ Maria E. Garcia*
                                          Hon. Maria E. Garcia
                                       United States Magistrate Judge