UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anthony Sanseverino,<br><br>            Plaintiff,<br><br>v.<br><br>Darrius Conaway, Jakub Majewski, and John Prisavage,<br><br>            Defendant. | Civil No. 3:24-CV-01672 (MEG)<br><br>July 25, 2025 |

**RULING ON PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION**

Plaintiff Anthony Sanseverino moves the Court to reconsider (ECF No. 51) its June 25, 2025 Ruling (ECF No. 49) denying Plaintiff's motion to compel. Plaintiff argues that new evidence, namely the CI's criminal history produced by Defendants to comply with this Court's Order, supports reconsideration and granting of the motion to compel. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration and based on the new information in the record, the Court **GRANTS** Plaintiff's Motion to Compel as to the name of the confidential informant. ECF No. 28.

   I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Court presumes familiarity with the underlying facts and procedural history of this case and, therefore, will only discuss relevant portions of such in this ruling. As relevant here, Plaintiff sought an order compelling Defendants to provide information about the confidential informant ("CI") whose participation in controlled drug transactions was the basis for probable

1

cause to arrest and criminally charge Plaintiff in a now resolved state matter. ECF No. 28. The Court denied Plaintiff's Motion to Compel finding that Plaintiff failed to meet his burden that there was a "compelling need" for the information, thus failing to overcome this Circuit's strong presumption against lifting the law enforcement privilege protecting the CI's identity. *Sanseverino*, 2025 WL 1135406, at *5-*6. However, the Court found that Plaintiff was entitled to the CI's criminal record and other background information to be pursued at Defendants' deposition "in light of the allegations in the complaint identifying the CI as a 'felon.'" *Id*. at *4. On April 24, 2025, Plaintiff filed an initial objection to the Ruling (ECF No. 41) for the District Judge's consideration and on May 9, 2025, Plaintiff filed a supplemental objection (ECF No. 44) on the grounds that new evidence came to light in connection with Assistant State's Attorney Justin Blain's May 8, 2025 deposition, including documents from the State Prosecutor's file in the underlying criminal case that Plaintiff argued "de facto waived" the CI privilege. ECF No. 44, at 1. Given that the April 2025 Ruling was without prejudice to reconsider if new information became known that could overcome the presumption of non-disclosure, Chief Judge Shea referred the objections to me for reconsideration. The Court considered the Plaintiff's Motion for Reconsideration but ultimately retained its position, again without prejudice to permit Plaintiff to cite new information to overcome the presumption. *Sanseverino v. Conaway*, No. 3:24-CV-01672 (MPS), 2025 WL 1752341 (D. Conn. June 25, 2025). Now before the Court is Plaintiff's second Motion for Reconsideration.

## II. APPLICABLE LEGAL PRINCIPLES

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Three grounds can justify reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 90). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made. . . . It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91-92 (D. Conn. 2006) (citing *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) (internal citation and quotation marks omitted)), aff'd in part, vacated in part, remanded sub nom. *SPGGC, LLC v. Blumenthal*, 505 F.3d 183 (2d Cir. 2007). Given the denial without prejudice, the Court will revisit its June 2025 ruling in light of arguments advanced in Plaintiff's objection and supplemental objection.

### III. DISCUSSION

I. **The newly produced documents did not waive the law enforcement privilege.**

In his Motion, Plaintiff argues that he is "almost certain" he has deduced the CI's identity from the criminal history produced by Defendants to comply with this Court's April 25 Ruling, thus dispelling the law enforcement privilege in this case. ECF No. 15-1, at 2. The criminal history, newly produced as a supplemental response to all three Defendants' interrogatories, contained a conviction that matched docket information for an individual available on the Connecticut Judicial Branch website. ECF No. 15-1, at 1-2. Because this information is "known to counsel and publicly accessible," Plaintiff argues that the law enforcement privilege does not apply. ECF No 51-1, at 2.

The Government has a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*

3

*v. U.S.*, 353 U.S 53, 59 (1957). However, "where the disclosure of an informer's identity ... is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.*, at 60–61. Because there is no fixed rule as to nondisclosure, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.*, at 62. "The informant's privilege is waived when the moving party legitimately learns the identity of the informant at issue." *Martin v. Albany Business Journal, Inc.*, 780 F. Supp. 927, 940 (E.D.N.Y. 1992) (citing *Roviaro v. U.S.*, 353 U.S 53, 60 (1957); *New York v. Cedar Park Concrete Corp.*, 130 F.R.D. 16, 21 (S.D.N.Y. 1989)). "Once the identity of the informer is revealed to the party likely to cause the harm, the purpose behind maintaining the privilege as to their statements is defeated." *Id.*, at 940 (citing *Roviaro*, 353 U.S. at 60; *Westinghouse Elec. Corp. v. City of Burlington*, 351 F.2d 762, 768 (D.C. Cir. 1965)).

The criminal history produced by Defendants constitutes new evidence justifying reconsideration because it was not available to Plaintiffs until the Court ordered Defendants to produce it. However, as to Plaintiff's claim that the informant privilege no longer applies now that Plaintiff has used the criminal history ordered by the Court to deduce the CI's identity using the Internet, the Court is not persuaded. This argument is not premised on disclosure by the government, but on the matching of a conviction under Conn. Gen. Stat. 53a-223(b)(1) in the produced criminal history and a docket report online. ECF No. 51-2, at 2-3. Plaintiff's claim that he "did not understand that disclosure of the [CI's] identity was contingent upon Plaintiff's independent efforts to identify" the CI to overcome the law enforcement privilege misunderstands the June 25 Ruling. ECF No. 51-2, at 2. In his first Motion for Reconsideration, Defendant argued that the government "*de facto* waived" the privilege, however, as the Court noted in its Ruling, "the privilege disappears if either the informer or the government has disclosed the informer's

4

identity." *State of N.Y. v. Cedar Park Concrete Corp.*, 130 F.R.D. 16, 21 (S.D.N.Y. 1990). No such disclosure from which the Plaintiff learned the informant's identity has happened. The CI's identity was redacted in the criminal history discovered here. Even if the Plaintiff has successfully deduced the CI's identity from public conviction information, "conjecture and deduction do not constitute disclosure, but rather requires affirmative disclosure by the informant or the government." *See, e.g. Fan v. United States*, No. 15-cv-4169 (DLI), 2019 WL 2503995 (E.D.N.Y. June 17, 2019) (internal citations and quotation marks omitted) (rejecting informant privilege waiver where Plaintiff deduced the CI's identity from documents because the government did not affirmatively disclose the CI's identity). Accordingly, the Government has not waived the law enforcement privilege because Plaintiff has deduced the CI's identity from the criminal history they produced to comply with the April 2025 ruling.

II. **The fact that the CI has nine felony convictions shows Plaintiff has a "compelling need" for disclosure.**

Plaintiff next argues that the privilege is inapplicable because Defendants, in their Answer to the Amended Complaint, "deny that the credible and reliable individual was a 'felon,'" (ECF No. 27, at 2) yet the newly discovered criminal history contains felony convictions; Plaintiff claims this is a contradiction of the Answer and constitutes a judicial admission. ECF No. 51-1, at 1. Plaintiff concludes that "no public interest is served . . . in light of the revelations and the misdirection by the Defendants." ECF No. 51-1, at 2.

While Defendants concede the Answer denies that the CI is a "felon," and they do not deny the existence of felony convictions; they maintain that "are not bound to admit the sweeping and argumentative allegation that the informant is a 'felon." ECF No. 52, at 2. Plaintiffs argue that because criminal history "shows that [the CI] is a felon nine times over," the Defendants' denial is "demonstratively false." ECF No. 51-1, at 2. The Court is persuaded. While Defendants are not

5

bound to admit to the specific term "felon," a denial must fairly respond to the substance of the allegation under Fed. R. Civ. P. 8 ("Rule 8")[1]. The term "felon" is convenient shorthand for a prior felony conviction and the substance of the question asks Defendants to admit or deny that the CI had prior felony convictions. *See United States v. White*, 312 F. Supp. 3d 350 (E.D.N.Y. 2018) (citing *United States v. White*, No. 08–CR–0682, 2009 WL 4730234, at *1 (E.D.N.Y. Dec. 4, 2009) ("[a]lthough not contained in the statutory text of § 922(g)(1), the phrase is a convenient shorthand for the prior-conviction element of the statutory offense charged, and it is commonly used when referring to that element of the crime.")). In response to paragraph 12 of the Amended Complaint, Defendants answered "Defendants deny that the credible and reliable individual was a "felon". ECF No. 27, at paragraph 12. When the Court ordered Defendants to produce the criminal history of the CI for completeness, there was a possibility that the criminal history would support the denial, meaning, there would be no felonies on the CI's record. The disclosure has revealed that the CI at the time of his involvement had a felony conviction which fact was not disclosed on the affidavits submitted to the Court in support of the search and arrest warrants and which fact calls into question the Defendants' answer to paragraph 12 of the Amended Complaint.

Plaintiff's case advances a claim of malicious prosecution, which requires him to rebut the presumption of probable cause. *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). This

---

[1]    Fed. R. Civ. P. 60(b) provides that a party may deny factual contents in a written motion to the Court if "warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." A factual contention may also be presented if it has "evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Because Defendants point out that the Answer does not deny the "existence of particular felony convictions, or the factual basis of any felony," but discovery has revealed the existence of such convictions, Defendants may choose to file a motion to amend their Answer pursuant to Fed. R. Civ. P. 15. ("A party may amend its pleading once as a matter of course . . . no later than 21 days after service of a responsive pleading . . . in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

showing requires evidence "that the police witnesses have not made a complete and full statement of facts . . . that they have misrepresented or falsified evidence . . . or otherwise acted in bad faith." *Id*. (internal citations and quotation marks omitted). Because the CI's credibility and veracity are put into question by his or her criminal history containing nine felony convictions, and the Plaintiff's arrest and prosecution were based entirely on the CI's statements, location data, and overall participation with law enforcement, Plaintiff's argument that there is a compelling need to reveal the CI's identity is strengthened. ECF No. 41, at *1. Through this development, Plaintiff has made a showing of "a compelling need" for the CI's identity so as to rebut the presumption of nondisclosure. *In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010).

III. **The Plaintiff's need for disclosure outweighs the public interest in nondisclosure.**

If the presumption of nondisclosure has been overcome by a compelling need for the information sought, a court must still balance "[t]he public interest in nondisclosure . . . against the need of a particular litigant for access to the privileged information." *In re The City of New York*, 607 F.3d 923, 945 (2d Cir. 2010) (citation omitted). "In other words, demonstrating a 'compelling need' does not automatically entitle a litigant to privileged information. Rather, disclosure is required only if that compelling need outweighs the public interest in nondisclosure." *Id*. "The possibility that reprisals of some sort may occur [against a confidential informant whose identity is revealed] constitutes ... a strong deterrent to the wholehearted cooperation of the citizenry which is a requisite of effective law enforcement." *In re United States*, 565 F.2d 19, 22 (2d Cir. 1977). However, "[w]hile maintaining the confidentiality of an [informant's] identity is an important law enforcement and public interest," the privilege may not be maintained merely by "painting a picture of possible harms with a broad brush . . ." *Creighton v. City of New York*, No. 12 CIV.7454 (PGG), 2015 WL 8492754, at *9 (S.D.N.Y. Dec. 9, 2015) (internal citations omitted).

The government must "offer[ ] concrete details" demonstrating a risk of harm. *Id*. (internal citations omitted).

Defendants maintain the privilege because "in order to protect the safety of the confidential informant, and to ensure that citizens are not deterred from cooperating with the New Britain Police Department on a confidential basis." ECF No. 9, at 7. The government does not offer concrete details of the risk of retaliation or harm to the CI or offer the history of the CI's cooperation with law enforcement, but points generally to the long history of the informant privilege and its policy to protect informants from retaliation. ECF No. 9, at 7. *Cf. Goodloe v. City of New York*, 2015 WL 8492754 (E.D.N.Y. September 28, 2015) (compelling need did not outweigh public interest where informant's service resulted in indictment charged thirty-seven individuals with drug conspiracy who could harm or retaliate against the CI).

Here, Plaintiff is one individual, not part of a larger conspiracy, whose case was ultimately dropped by the government. No conviction was obtained that would strengthen Plaintiff's potential, speculative reason to retaliate. Moreover, the government has not suggested that revealing the informant's identity would reveal information about the undercover operations of New Britain Police Department. *See In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (holding that the law enforcement privilege prevented disclosure of field reports containing "detailed information about the undercover operations of the NYPD" which, if revealed, would "hinder the NYPD's ability to conduct future undercover investigations"). "Balancing the public interest in merits adjudication and transparency" and Plaintiff's interest in advancing his lawsuit against Defendant's interest in non-disclosure, this Court concludes that the need for disclosure outweighs the public interest in confidentiality. *Creighton v. City of New York*, No. 12 CIV.7454 (PGG), 2015 WL 8492754, at *11 (S.D.N.Y. Dec. 9, 2015).

The Court finds that in light of the compelling need for the CI's identity because of the CI's criminal history which is in conflict with Defendants' Answer and the outweighing of that need against the public interest in nondisclosure, that the Plaintiff is entitled to the CI's identifying information. As such, Defendants shall provide Plaintiff with the informant's first name, last name, and date of birth. The information will be provided subject to the Protective Order in place (ECF No.10) and designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" and treated as such until either an agreement otherwise by the Parties or further Order of the Court. Defendants shall provide the ordered discovery within fourteen (14) days of this Order.

## I. CONCLUSION

The Court has carefully considered Plaintiff's Objection, supplemental arguments newly discovered facts, and is now persuaded that the presumption of nondisclosure has been rebutted. For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Reconsideration (ECF No. 51) and in light of the new information **GRANTS** Plaintiff's Motion to Compel as to the name of the confidential informant. ECF No. 28**.**

This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 72.1(2) of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b) (written objections to this ruling must be filed within fourteen days after service of same); D. Conn. L. U.S.M.J. R. 72.2(a) ("Any party wishing to object must, within fourteen (14) days after filing of such order or recommended ruling file written objection which shall specifically identify the ruling, order, proposed findings and conclusions, or part

thereof to which objection is made and the factual and legal basis for such objection.").

/s/ *Maria E. Garcia, U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge
